UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:

MARI NEMNON CHERRABE,

    Plaintiff,

vs.

WINN-DIXIE STORES, INC.,
a Florida Profit Corporation,

    Defendant.
_____/

**COMPLAINT**

COMES NOW, MARI NEMNON CHERRABE, (hereinafter "Plaintiff") by and through her undersigned attorney hereby sues Defendant WINN-DIXIE STORES, INC., a Florida Corporation (hereinafter, "Defendant"), and states:

**JURISDICTION AND VENUE**

1. This is an action for damages and other relief based on unlawful employment practices committed by Defendant and jurisdiction of this Court is invoked pursuant to the provisions of Title VII of the Civil Rights Act of 1964, § 706(f) (42 U.S.C. § 2000e-5(f)), the Americans with Disabilities Act (ADA), the Americans with Disabilities Act Amendments Act (ADAAA) 42 U.S.C. §§ 12101 *et seq*., the Florida Civil Rights Act ("FCRA"), §§ 760.01-760.11, (hereinafter "the FFCRA"), 29 U.S.C. § 206(d)(1)-(4), and the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq* ., and to redress injuries resulting from Defendant's unlawful, retaliatory discharge of Plaintiff.

2. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3. The claims asserted in this Complaint arose in the Southern District of Florida during the course of Plaintiff's employment with Defendant.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since Plaintiff was employed by Defendant at the store located in Miami, Florida.

5. Plaintiff says that all conditions precedent to the maintenance of this action have heretofore been performed or have been waived.

## PARTIES

6. Plaintiff was at all times relevant to this action, resided within the Southern District of Florida. Plaintiff is over the age of eighteen.

7. Plaintiff is a member of a class protected under the Civil Rights Act, FCRA, ADA, and ADAAA in that at all relevant times she is a person with a disability as defined by those Acts.

8. Defendant is a Florida corporation organized and existing in Florida with its principal place of business in Florida and authorized to do business in Florida. Defendant operates several stores throughout Florida. Specifically, Plaintiff worked at Defendant's Doral location in Miami, Florida.

9. Defendant has, at all times material, employed 50 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with 29 U.S.C. § 2611(4)(A)(iii) ,Title VII, the ADA, ADAAA, and the FCRA (42 U.S.C. §2000e(b); Fla. Stat. §760.02(7)).

10. Plaintiff has exhausted her administrative remedies by filing a timely charge of discrimination ("Charge") against the Defendant with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations.

11. Plaintiff's Charge was filed on or about October 30, 2020. The actions complained of herein occurred within 300 days thereof and/or continued from that date stemming from the same actions set forth in the Charge.

12. Plaintiff was terminated from her position on or about October 6, 2020. Her Charge was therefore timely filed.

13. Plaintiff was issued a Notice of Right to Sue on September 13, 2021. This suit is filed in accordance with that Notice and within the applicable 90-day time limitation.

14. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charges.

15. All other conditions precedent to this action have been performed or have been waived.

**GENERAL ALLEGATIONS COMMON TO ALL COUNTS**

16. Plaintiff began working for Defendant in 2018. Most recently, Plaintiff held the title of customer representative.

17. On or about November 7, 2019, Plaintiff suffered an injury on the job, while closing the door for the store.

18. As a result of the accident, Plaintiff broke 3 of her fingers on her right hand. This condition is a disability under the ADA, the ADAAA, and the FCRA in that it substantially impairs in that it substantially impairs Plaintiff's major life activities as defined by the ADA and ADAAA. Specifically, this condition limited Plaintiff's range motion, ability to push, pull, lift heavy items with her right hand.

19. Three days after the accident, Plaintiff was cleared by her doctor to return to work with limitations. Plaintiff informed Livan Sardinas (hereinafter "Sardinas"), customer service manager, of her medical condition and the limitations that it caused.

20. Defendant received all of Plaintiff's medical paperwork which reflected Plaintiff's limitations and placing weight lift restrictions. However, Defendant did not always respect Plaintiff's limitations.

21. Specifically, on or about March 2020, Sardinas began to assign Plaintiff tasks outside of her duties. These assignments required Plaintiff to perform more physical demanding tasks which were against her limitations and further affected her medical condition. For example, Plaintiff was asked to do go backs which required Plaintiff to lift heavy items using both hands. Plaintiff reminded Sardinas of her limitations to which Sardinas responded she was following the instructions from Alfredo Mullet, the store manager ("Mullet").

22. Sardinas also started to speak in a condescending and demeaning manner to Plaintiff on a regular basis and often made disparaging comments regarding Plaintiff's limitations. Sardinas also began to reduce Plaintiff's hours.

23. When Plaintiff inquired as to the reduction of her hours, Sardinas told Plaintiff to get surgery and therapy and return to work after she was done with treatment. Plaintiff assured Sardinas she was able to do the essential functions of her job with an accommodation to the limitations she had as previously arranged. However, Sardinas denied Plaintiff's request and continue to reduce Plaintiff's hours.

24. On or about March 12, 2020, Plaintiff contacted Human Resources. Plaintiff spoke to Andrea Ruge Associate Relations Specialist, ("Ruge") to complaint about the disparate treatment she was being subjected to by Sardinas.

25. Thereafter, Sardinas' treatment towards Plaintiff got worse. She would speak to Plaintiff in a condescending manner, assigned her a heavier workload, and micromanage her work in an effort to find cause for discipline.

26. On or about March 22, 2020, Plaintiff sent another email to Ruge complaining about the disparate treatment and reduction of hours. Thereafter, Plaintiff was removed from the schedule completely.

27. Plaintiff continued to inform Defendant on her condition and developments. On several occasions, Plaintiff contacted Sardinas inquiring about the ability to return to work with her limitations but was not allowed to return with her limitations.

28. On or about August 27, 2020, Plaintiff received a letter from Defendant, informing her that she was required to return to work by no later than September 16, 2020, without restrictions or her employment would be terminated.

29. Starting September 3, 2020, Plaintiff contacted Sardinas, Store manager Alfredo Mullet and Ruge to notify them she was ready and able to return but with limitations as instructed by her doctor and provided all the medical paperwork in support of her request.

30. Receiving no response to her request, Plaintiff contacted Ruge to follow up on the status of her request as the deadline was approaching. After two weeks, Ruge contacted Plaintiff and advised that no accommodations could be given and Plaintiff's employment was terminated.

31. Defendant's alleged reason(s) for the disparate treatment of Plaintiff including but not limited to her termination are pretextual. Plaintiff's hours were reduced after her complaint of discrimination and Plaintiff was in fact terminated from employment with Defendant as a result of her condition(s) within weeks of her reasonable requests for accommodations.

32. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's request for a reasonable accommodation and/or complaint of disparate treatment were a motivating factor in the decision for the adverse employment actions.

33. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

## COUNT I
## VIOLATION OF THE FMLA
## (INTERFERENCE)

34. Plaintiff re-alleges and re-avers the allegations contained in paragraphs 1-33 above as though the same were fully set forth herein.

35. Plaintiff was an employee covered by the FMLA in that she was employed for at least 12 months and at least 1,250 hours prior to her request for leave. Plaintiff is therefore an "employee" under 29 U.S.C. § 2611(2).

36. Plaintiff was eligible for FMLA leave due to her serious health condition pursuant to 29 U.S.C. § 2612(a)(1)(D).

37. Under the FMLA, 29 U.S.C. § 2614(a), Plaintiff had the right to take up to twelve (12) workweeks of leave under the Act.

38. Upon Defendant's denial of Plaintiff's request to return to work with restrictions, Plaintiff was forced on workers compensation leave of absence pending her surgery.

39. On or about August 27, 2020, Defendant notified Plaintiff that she had to return to work without restrictions after her workers compensation leave of absence expired on September 16, 2020.

40. Plaintiff contacted Defendant to return to work with limitations and presented all the medical paperwork to support her request.

41. Plaintiff was told by Ruge, that her request for an accommodation was denied and no additional leave would be approved making her termination effective as of October 6, 2020.

42. Defendant's failure to properly advise Plaintiff of her right to take leave under the FMLA and designate additional leave as FMLA was a violation of the statute.

43. Furthermore, Defendant in reaching its decision to fire Plaintiff, it interfered with her right to take leave under the FMLA.

44. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of other employees. Therefore, the actions of Defendant's employees should be imputed to Defendant.

45. Plaintiff has retained the services of the undersigned counsel and is obligated to pay attorney's fees should she recover damages from the Defendant.

**WHEREFORE,** Plaintiff requests judgment for:

A. Adjudge and decree that the Defendant has violated the FMLA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of the Defendant's violation of the FMLA, all as provided in 29 U.S.C. §2617;

C. Interest on the amount found due;

D. Liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

E. Plaintiff's costs of suit herein together with reasonable attorney's fees incurred in this action; and

F. Such other relief as the Court deems just and proper.

## COUNT II
### FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADA AND ADAAA

46. Plaintiff re-alleges and re-avers the allegations in paragraphs 1-33 above as though the same were fully set forth herein.

47. Plaintiff is disabled as she suffered from multiple fractures to her fingers on her right hand that limited her overall motricity including her ability to lift, push, pull with her right hand.

48. Plaintiff is, and at all times was, qualified to perform the essential functions of her job with or without a proposed reasonable accommodation. Plaintiff is therefore a "qualified individual" as that term is defined in the Americans With Disabilities Act, as amended ("ADAAA") § 101(8) (42 U.S.C. § 12111(8)).

49. Defendant failed to provide Plaintiff with a reasonable accommodation as that term is defined in the ADAAA, § 101(9). Plaintiff requested to work with limitation. This request was reasonable and would not have caused Defendant undue hardship.

50. The adverse treatment to which Plaintiff was subjected by Defendant, including but not limited to, Plaintiff's termination, as set forth above, was the direct and proximate result of Plaintiff's actual disability, which substantially limited her in one or more major life activity and/or Plaintiff's record of having such disability.

51. Defendant's alleged bases for its adverse and disparate treatment of Plaintiff, including, but not limited to, Plaintiff's termination, are pretextual and asserted only to cover up the discriminatory nature of its conduct.

52. Even if Defendant could assert legitimate reasons for its adverse treatment of Plaintiff, which reasons it did not/does not have, Plaintiff's actual disability and/or Plaintiff's record of having such a disability were also motivating factors for Defendant's adverse treatment of Plaintiff.

53. As a result of the discriminatory conduct to which Plaintiff was subjected, Plaintiff has experienced, and will continue to experience, significant financial and economic loss. To that end, Plaintiff demands reinstatement to her formerly held (or equivalent) position as permitted by law, reinstatement of benefits/seniority, and injunctive and/or declaratory relief.

54. Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to, lost wages and benefits, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

55. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

56. Defendant's alleged reason(s) terminating Plaintiff (if any) are pretextual as described above.

**WHEREFORE,** Plaintiff requests judgment against Defendant as follows:

  A. Actual damages as a result of Defendant's discriminatory actions;

  B. Punitive damages due to Defendant's willful behavior;

  C. Compensatory damages;

  D. Injunctive relief where feasible;

  E. Attorney's fees;

  F. Costs of this action; and

  G. Any other relief this Court deems proper.

## COUNT III
## DISABILITY DISCRIMINATION UNDER THE ADA AND ADAAA

57. Plaintiff reasserts her allegations in paragraphs 1–33, above, as if fully re-written herein.

58. Title I of the ADA and the ADAAA prohibit employers from taking adverse employment action against an employee as a result of her actual disability, as a result of an employee's record of having such disability, and/or because the employer regards the employee as disabled, and

further requires employers to reasonably accommodate the actual disabilities and/or records of such disabilities of their employees.

59. The adverse and disparate treatment to which Plaintiff was subjected by Defendant, including but not limited to, Plaintiff's termination was the direct and proximate result of Plaintiff's actual disability/disabilities, which substantially limited her in one or more major life activity and/or Plaintiff's record of having such disability.

60. Defendant's alleged bases for its adverse and disparate treatment of Plaintiff, including, but not limited to, Plaintiff's termination, are pretextual and asserted only to cover up the discriminatory nature of its conduct.

61. Even if Defendant could assert legitimate reasons for its adverse and disparate treatment of Plaintiff, including, but not limited to, Plaintiff's termination, which reasons it did not/does not have, Plaintiff's actual disability/disabilities and/or Plaintiff's record of having such a disability/disabilities were also motivating factors for Defendant's adverse and disparate treatment of Plaintiff.

62. As a result of the discriminatory conduct to which Plaintiff was subjected, Plaintiff has experienced, and will continue to experience, significant financial and economic loss. To that end, Plaintiff demands reinstatement to her formerly held (or equivalent) position as permitted by law, reinstatement of benefits/seniority, and injunctive and/or declaratory relief.

63. Plaintiff further seeks her attorney's fees and costs as permitted by law.

**WHEREFORE,** Plaintiff requests judgment against Defendant as follow

        A. Actual damages as a result of Defendant's discriminatory actions;

        B. Punitive damages due to Defendant's willful behavior;

        C. Compensatory damages;

    D. Injunctive relief where feasible;

    E. Attorney's fees;

    F. Costs of this action; and

    G. Any other relief this Court deems proper.

## COUNT IV
## HANDICAP/DISABILITY DISCRIMINATION UNDER THE FCRA

64. Plaintiff re-alleges and re-avers the allegations in paragraphs 1-33 above as though the same were fully set forth herein.

65. Section 760.10 of the FCRA states in relevant part:

> (1) it is unlawful employment practice for an employer:
> (a) to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, natural origin, age, handicap, or marital status.

66. The FCRA accordingly prohibits employers from taking adverse employment action against an employee as a result of his actual handicap/disability, as a result of an employee's record of having such handicap/disability, and/or because the employer regards the employee as handicapped/disabled, and further requires employers to reasonably accommodate the actual handicaps/disabilities and/or records of such handicaps/disabilities of their employees.

67. The adverse and disparate treatment to which Plaintiff was subjected by Defendant, including but not limited to, Plaintiff's termination, and Defendant's failure to accommodate, all as set forth above, was the direct and proximate result of Plaintiff's actual handicap(s)/disability/disabilities, which substantially limited her in one or more major life activities, and/or Plaintiff's record of having such handicap(s)/disability/disabilities.

68. Defendant, moreover, failed/refused to reasonably accommodate Plaintiff's actual handicap(s)/disability/disabilities and/or Plaintiff's record of having such a handicap(s)/disability/disabilities as required by law, leading to Plaintiff's termination, despite being presented with a reasonable accommodation by Plaintiff which would not have imposed an undue hardship on Defendant and which would have enabled Plaintiff to perform the essential functions of her position.

69. Defendant's alleged bases for its adverse and disparate treatment of Plaintiff, including, but not limited to, Plaintiff's termination, and/or its failure/refusal to reasonably accommodate Plaintiff are pretextual and asserted only to cover up the discriminatory nature of its conduct.

70. Even if Defendant could assert legitimate reasons for its adverse and disparate treatment of Plaintiff, including, but not limited to, Plaintiff's reduction of hours and termination, and/or its failure/refusal to reasonably accommodate Plaintiff, which reasons it did not/does not have, Plaintiff's actual handicap(s)/disability/disabilities and/or Plaintiff's record of having such a handicap/disability/disabilities were also motivating factors for Defendant's adverse and disparate treatment of Plaintiff, and/or Defendant's failure/refusal to reasonably accommodate Plaintiff.

71. As a result of the discriminatory conduct to which Plaintiff was subjected and Defendant's failure/refusal to accommodate Plaintiff, Plaintiff has experienced, and will continue to experience, significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced, and will continue to experience, emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages, lost wages, back pay, interest, front pay (or reinstatement), the value and/or economic impact of lost benefits/seniority, and compensatory damages.

72. Based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under FCRA. Defendant, by and through its officers,

and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Defendant's employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

**WHEREFORE,** Plaintiff requests judgment against Defendant as follows:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT V
## VIOLATION OF THE ADA AND ADAAA
## (RETALIATION)

73. Plaintiff re-alleges and re-avers the allegations in paragraphs 1-33 above as though the same were fully set forth herein.

74. Plaintiff requested reasonable accommodation(s) for her disability. This request was made to her supervisor Sardinas and to the Human Resources Representative, Ruge.

75. As a direct result of Plaintiff's requests for a reasonable accommodation, Plaintiff was subjected to disparate treatment and adverse employment action.

76. Plaintiff's reduction of hours and/or termination constitutes adverse employment action(s) under the ADA and ADAAA.

77. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under the ADA and ADAAA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

78. Defendant's states reason(s) for denying Plaintiff's request for accommodation, reduction of hours and/or termination is pretextual.

79. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's requests for reasonable accommodation and complaints of discrimination, were a motivating factor in the decision for the adverse employment action(s).

**WHEREFORE,** Plaintiff requests that:

   A. The Court award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the ADA and ADAAA.

   B. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

C. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT VI
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
## (RETALIATION)

80. Plaintiff re-alleges and re-avers the allegations in paragraphs 1-33 above as though the same were fully set forth herein.

81. Plaintiff brings this claim under the Florida Civil Rights Act, Florida Statutes § 760.01 *et seq.* for Defendant's retaliatory conduct.

82. Plaintiff made requests for reasonable accommodations for her disability. This request was a protected activity under the FCRA.

83. As a direct result of Plaintiff's requests, Plaintiff's hours were reduced and Plaintiff was forced to take leave without valid cause.

84. Plaintiff's requests for a reasonable accommodation and/or complaints of discriminatory treatment were a motivating factor(s) in Defendant's decision to terminate Plaintiff.

85. Defendant knew of Plaintiff's disability, her requests and her complaints of disparate treatment as Plaintiff made these request to Sardinas and/or Ruge.

86. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, and has suffered emotional distress and damage.

87. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

88. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under FCRA. Defendant, by and through its

15

officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Sardinas, Ruge and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

89. Defendant's alleged reason(s) terminating Plaintiff (if any) are pretextual as described above.

90. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's requests for a reasonable accommodation and or complaints of disparate treatment, were a motivating factor in the decision for the adverse employment action(s).

91. Plaintiff further seeks her attorney's fees and costs as permitted by law.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant as follows:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including appropriate back pay, benefits' adjustment, injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11.

B. The Court award punitive damages as permitted under the law;

C. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

D. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

E. Any other relief this Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff MARI NEMNON CHERRABE demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: December 10, 2021

**PEREGONZA THE ATTORNEYS, PLLC**
1414 NW 107th Ave,
Suite 302
Doral, FL 33172
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/ Nathaly Saavedra
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com